ZEHMER, Judge.
Appellant, James Sanders, complains that the trial court erred in dismissing his damage suit on grounds that Sanders, who represented himself at trial, was guilty of *1295 willful and repeated disregard of the trial - court’s evidentiary rulings. After careful reading of the trial transcript, we conclude that, although the evidentiary rulings appear to be correct, plaintiffs conduct before the court did not warrant the drastic sanction of dismissal of his case.
It seems apparent to us that Sanders, not an attorney and not skilled in litigation techniques, was attempting to impeach other witnesses but did not know the correct procedure for doing so. The incidents which resulted in the dismissal all took place during the interrogation of one witness. Sanders repeatedly asked the witness about his investigation of the incident in question. Each time the court ruled that Sanders’ question was improper and directed him to proceed to another subject, he did so. On redirect examination, Sanders began questioning the witness about a letter referred to by defendant’s counsel during cross-examination, and again asked the witness about his investigation and statements obtained from other witnesses. On this occasion the trial judge, rather than admonishing plaintiff that the inquiry was not relevant and directing him to cease further questioning along that line, stated:
That does it. Have a seat. What cause do you have to show why the case should not be dismissed.... What cause do you have to show why the case should not be dismissed, for your continued misconduct in the trial?
Plaintiff then attempted to explain the relevancy and purpose of his questions to the witness, but the trial court immediately dismissed the case.
This conduct was not sufficiently deliberate and egregious to warrant the severe sanction of dismissal, and the trial court abused its discretion in so ordering. Had the court, as on prior occasions, warned Sanders to cease the line of questioning and directed him to go to another subject, and had Sanders then deliberately persisted in his line of questioning despite the court’s directions, that would be another question.
The judgment is REVERSED and the case REMANDED for a new trial.
WENTWORTH, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.